UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYA KHANKIN, et al., <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>JLR SAN JOSE, LLC, et al., <br><br>　　　　Defendants. | Case No. 3:23-cv-06145-JSC <br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS** <br><br>Re: Dkt. Nos. 57, 58 |

Darya Khankin and Eliyahu Khankin sue JP Morgan Chase, Inc. ("Chase") and JLR San Jose, LLC ("JLR"), alleging Defendants engaged in false credit reporting surrounding Plaintiffs' lease of a Land Rover. JLR and Chase have filed motions to dismiss. (Dkt. Nos. 57. 58.)[1] The deadline for response has passed, and Plaintiffs have failed to respond to either motion. Having carefully considered the briefing, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), GRANTS Defendant's motions, and DISMISSED the complaint without leave to amend. Plaintiffs fail to plead sufficient facts to state a claim, and the Court finds any amendment would be futile.

**AMENDED COMPLAINT ALLEGATIONS**

The Court's previous order recounted the factual background of this case, and the Court incorporates that description by reference here. (Dkt. No. 55.) Any newly pled facts relevant to the current motions to dismiss are discussed in the analysis below.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

## DISCUSSION

### I. VIOLATIONS OF FAIR CREDIT REPORTING ACT

Plaintiffs' first cause of action alleges Chase and JLR "willfully and /or negligently violated the Fair Credit Reporting Act" ("FCRA"). (Dkt. No. 56 ¶ 21.) Specifically, Plaintiffs allege both Chase and JLR violated 15 U.S.C. § 1681s-2(a) and (b). (*Id.* ¶¶ 22-23.)

Plaintiffs' claim under 15 U.S.C. § 1681s-2(a), which instructs "furnishers of information" have a duty "to provide accurate information" to credit reporting agencies, fails as a matter of law because there is no private right of action under 15 U.S.C. § 1681s-2(a). "The FCRA expressly creates a private right of action for willful or negligent noncompliance with its requirements" under 15 U.S.C. §§ 1681n & o. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). But, those private right of action sections "do not apply to any violation of" 15 U.S.C. § 1681s-2(a). 15 U.S.C. § 1681s-2(c). Accordingly, the "[d]uties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies." *Gorman*, 584 F.3d at 1154; *see also* § 1681s(c)(1)(B) (authorizing governmental enforcement of 15 U.S.C. § 1681s-2(a)); *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002) ("Congress limited the enforcement of the duties imposed by § 1681s–2(a) to governmental bodies."). Plaintiffs admitted there was no private right of action under 15 U.S.C. § 1681s-2(a) in their previous filings. (Dkt. No. 43 at 5 ("Courts agree, [] there is not private right cause of action under 1681s-2(**a**).) So, Plaintiffs' claims under 15 U.S.C. § 1681s-2(a) are dismissed as a matter of law because any attempt at amendment would be futile.

15 U.S.C. § 1681s-2(b) provides furnishers of information have a duty to "conduct an investigation" if they receive "notice of a dispute" as to "the completeness or accuracy of any information provided by a person to a consumer reporting agency." The "obligations" of § 1681s-2(b) "are triggered 'upon notice of dispute'—that is, when a person who furnished information to a [Credit Reporting Agency] receives notice from the [Credit Reporting Agency] that the consumer disputes the information." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). But, "[t]hese duties arise only after the furnisher receives notice of dispute from a [Credit Reporting Agency]; notice of a dispute received directly from the consumer does not

1  trigger furnishers' duties under subsection (b)." *Id.*

2      **A.**    **Chase**

3      Plaintiffs allege "Plaintiffs provided notice to Chase via its designated counsel, who had requested to be contacted about this issue, that the Chase credit reporting was materially false and/or inaccurate" but "Chase subsequently refused to correct the information." (Dkt. No. 56 ¶ 22.) While Plaintiffs allege they gave Chase notice of the dispute, Plaintiffs do not allege Chase ever received notice of the dispute from a Credit Reporting Agency. *See also Conrad v. Experian Info. Sols., Inc.*, No. 16-CV-04660 NC, 2017 WL 1739167, at *4 (N.D. Cal. May 4, 2017) ("Consumers have a private right of action against data furnishers for willful or negligent noncompliance with FCRA requirements, but that right of action is limited to claims arising from duties triggered upon notice of a dispute from a [Credit Reporting Agency]."). Nor do Plaintiffs allege they ever complained to the credit reporting agencies to trigger those agencies providing notice to Chase. Plaintiffs also fail to allege any facts indicating Chase failed to investigate or that the investigation it conducted was unreasonable. *Gorman*, 584 F.3d at 1155-56 (explaining "[t]he text of the FCRA states [] that the creditor shall conduct 'an investigation with respect to the disputed information,'" § 1681s–2(b)(1)(A), and holding the FCRA also requires investigation be "reasonable"). So, Plaintiffs' 15 U.S.C. § 1681s-2(b) claim against Chase is DISMISSED.

    **B.**    **JLR**

    Plaintiffs allege JLR violated 15 U.S.C.A. § 1681s-2(b) because:

> JLR received the "Lemon" vehicle from Plaintiffs . . . , and JLR failed or refused to process the return. As a result, JLR failed to furnish correct information to the credit bureaus and instead furnished information it knew to be false—that Plaintiffs were still in possession or the vehicle and/or that they still had to make lease payments, neither of which was accurate. . . . Plaintiffs have had no opportunity to discover what specific information was exchanged between Defendant and the credit bureaus apart from what is in their reports.

(Dkt. No. 56 ¶ 23.) Even assuming JLR furnished any information to a credit reporting agency, Plaintiffs have not pled sufficient facts to state a claim because they fail to allege JLR ever received notice of the dispute from a credit reporting agency—indeed, Plaintiffs admit they do not know what "specific information was exchanged between Defendant and the credit bureaus."

3

1  (*Id.*)  Nor have Plaintiffs alleged JLR failed to investigate, or that the investigation JLR conducted
2  was unreasonable.  So, Plaintiffs' 15 U.S.C. § 1681s-2(b) claim against JLR is DISMISSED.

## II.  DEFAMATION

Plaintiffs' second cause of action alleges JLR "willfully defamed Plaintiffs by way of false credit reporting."  (Dkt. No. 56 ¶ 25.)  As discussed in this Court's previous order, to the extent Plaintiffs allege JLR is a furnisher, and therefore is regulated under 15 U.S.C. § 1681s-2, their defamation claim is preempted.  (*See* Dkt. No. 55 at 4-8.)  To the extent Plaintiffs' defamation claim is based on conduct outside the purview of 15 U.S.C. § 1681s-2, Plaintiffs have failed to plead sufficient facts to state a claim because they plead no specific facts about the allegedly defamatory statement.  *See Med. Marijuana, Inc. v. ProjectCBD.com*, 46 Cal. App. 5th 869, 888 (2020) ("The general rule is that the words constituting an alleged libel must be specifically identified, if not pleaded verbatim, in the complaint.") (citing *Kahn v. Bower*, 232 Cal. App. 3d 1599, 1612 n.5 (Ct. App. 1991), *reh'g denied and opinion modified* (Sept. 6, 1991)).

So, Plaintiffs defamation claim against JLR is DISMISSED.

## III.  UNFAIR COMPETITION

Plaintiffs' third cause of action alleges JLR a violation of California's Unfair Competition Law ("UCL").  (Dkt. No. 56 ¶¶ 27-29.)  The UCL, California Business & Professions Code § 17200, prohibits "unfair competition," which it defines as "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising."  Cal. Bus. & Prof. Code § 17200.  Because it is "written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Cal-Tech Comms. Inc., v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999).  Plaintiffs, again, appear to bring the claim under the "unlawful" prong of the statute. (Dkt. No. 56 ¶¶ 27-28 (referring to the conduct as "unlawful").)  With respect to the unlawful prong, virtually any state, federal or local law can serve as the predicate for an action*." People ex rel. Bill Lockyer v. Fremont Life Ins. Co.*, 104 Cal. App. 4th 508, 515 (2002) (cleaned up).  Here, Plaintiffs allege violations of California Civil Code § 2987(g) and California Civil Code § 1785.25(a).

However, as discussed in this Court's previous order, this claim is preempted by the Fair

4

Credit Reporting Act. (Dkt. No. 55 at 8-10.) So, any claim under California's UCL is DISMISSED.

## IV. DECLARATORY RELIEF

Plaintiffs' fourth cause of action seeks declaratory relief over JLR—specifically, "Plaintiffs seek a judicial decree stating that the lease contract is rescinded and Plaintiffs have no obligations to Defendants." (Dkt. No. 56 ¶ 31.)

As discussed in the Court's previous order (Dkt. No. 55), "[i]njunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted. Additionally, a claim for declaratory relief is duplicative and unnecessary when it is commensurate with the relief sought through other causes of action." *McNeary-Calloway v. JP Morgan Chase Bank, N.A.*, 863 F. Supp. 2d 928, 964 (N.D. Cal. 2012) (cleaned up).

Accordingly, Plaintiffs' independent claim for declaratory relief is DISMISSED.

## V. VIOLATIONS OF CALIFORNIA CIVIL CODE

Plaintiffs' fifth cause of action alleges JLR violated California Civil Code § 1785.25(a), which provides "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." The Fair Credit Reporting Act "expressly saves" California Civil Code § 1785.25(a) "from preemption." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 888 (9th Cir. 2010) (citing 15 U.S.C.A. § 1681t (b)(1)(F)(ii)).

JLR moves to dismiss this claim because "Plaintiffs' own credit reports, attached as exhibits to the [Amended Complaint], conclusively show that Dealer has not furnished information regarding Plaintiffs to any of the credit reporting agencies."[2] (Dkt. No. 57 at 12.)

Plaintiffs attach two reports to the Amended Complaint: the first is the credit report of Eliyahu Khankin (Dkt. No. 56-1) and the second is the credit report of Darya (Dumov) Khankin (Dkt. No. 56-2.) Plaintiffs allege these are "[r]edacted copies of the negative credit reporting

---

[2] JLR requests the Court take judicial notice of its application to register a foreign limited liability company and certificate of good standing. (Dkt. No. 57-2.) Since these documents are unnecessary to resolving the instant motions, the request is denied as moot.

1  showing the defamatory matter." (Dkt. No. 56 ¶ 25.) The Court considers these exhibits as part of
2  its analysis. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)

Eliyahu Khankin's report includes a section for "Installment Accounts" which are defined as "loans that require payment on a monthly basis until the loan is paid off, such as auto or student loans." (Dkt. No. 56-1 at 43.) The report indicates Eliyahu Khankin has existing, outstanding loans with "VW Credit INC." for an "Auto Lease" (*Id.* at 46), and "JPMCB – Auto Finance" for an "Auto Lease." (*Id.* at 49.) The "VW Credit Inc." loan indicates no payments are past due. (*Id.* at 44.) The "JPMCB – Auto Finance" loan indicates $3,934 is pas due. (*Id.* at 48-49.) The report also indicates only one account has negative information in the report. (Dkt. No. 56-1 at 3.) No where does the report mention JLR.

Darya (Dumov) Khankin's "Installment Accounts" section includes two open accounts: one from "JPMCB-Auto Finance" which also indicates $3,934 is past due (Dkt. No. 56-2 at 58), and one from "BMW Financial Services," which indicates nothing is past due. (*Id.* at 61.) Like Eliyahu Khankin's report, the report lists only one account with negative information (*id.* at 3) fails to mention JLR.

Plaintiffs' exhibits indicate "JPMCB – Auto Finance" provided information to the credit reporting agencies—not JLR. Plaintiffs plead no other facts indicating JLR ever furnished any information to any credit reporting agencies. Indeed, they admit "the specifics of the furnishing are alleged on information and belief because they are within Defendants' knowledge, but not Plaintiffs', and Plaintiffs have had no opportunity to discovery what specific information was exchanged between Defendant and the credit bureaus apart from what is in their reports." (Dkt. No. 56 ¶ 23.) Further, Plaintiffs plead "the bank (JP Morgan Chase Bank) reported Plaintiffs delinquent on their lease" and Chase "bore ultimately responsibility for making the false reports to the credit bureaus." (Dkt. No. 56 ¶¶ 2, 6.) Accordingly, Plaintiffs fail to sufficiently plead JLR violated California Civil Code § 1785.25(a), and this claim is DISMISSED.

## LEAVE TO AMEND

"The standard for granting leave to amend is generous." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d

696, 701 (9th Cir. 1988)). "The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Id.* "Under futility analysis, '[d]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.'" *Id.* (quoting *Krainski v. Nevada ex rel. Bd. of Regents of NV. System of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010)). "Leave to amend is warranted if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint." *Id.* (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990)).

The Court finds any amendment would be futile. Plaintiffs were given leave to amend once before. (Dkt. No. 55.) Nevertheless, Plaintiffs' amended complaint admits Plaintiffs do not know what information the credit reporting agencies provided to Chase or JLR (Dkt. No. 56 ¶¶ 22-23), so Plaintiffs cannot make out a claim under 15 U.S.C. § 1681s-2(b), which requires the credit reporting agencies provide notice of a dispute to Chase and JLR. Plaintiffs' claims for defamation and a violation of the UCL are both preempted by the Fair Credit Reporting Act. Plaintiffs' claim for declaratory relief fails as a matter of law. The exhibits attached to Plaintiffs' complaint indicate JLR did not provide any information to credit reporting agencies, so Plaintiffs' claim under California Civil Code § 1785.25(a) is insufficiently pled. Finally, Plaintiffs failed to respond to the motions to dismiss. In these circumstances, the Court finds no allegations consistent with the challenged pleadings could cure the deficiencies of the complaint. So, the Court DISMISSES Plaintiffs' claims WITHOUT LEAVE TO AMEND.

//
//
//
//
//
//
//

**CONCLUSION**

For the reasons discussed above, the Court GRANTS JLR's motion to dismiss and GRANTS Chase's motion to dismiss WITHOUT LEAVE TO AMEND. As all named defendants have been dismissed, a separate judgment will follow.

This Order resolves Dkt. Nos. 57, 58.

**IT IS SO ORDERED.**

Dated: May 17, 2024

JACQUELINE SCOTT CORLEY
United States District Judge